IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-01719-PAB

SAVANNA CLARK,

     Plaintiff,

v.

KASSIDY CHRISTIANSEN,

     Defendant.

---

## ORDER

---

     This matter comes before the Court on plaintiff Kassidy Christiansen's Motion to Reconsider Remand [Docket No. 23].

     On March 27, 2025, Ms. Clark filed suit against Ms. Christiansen in the District Court for Routt County, Colorado. Docket No. 9. On June 1, 2025, Ms. Christiansen removed the case to this Court. Docket No. 1. On June 27, 2025, Ms. Clark filed a motion to remand this case to Routt District Court. Docket No. 15. Ms. Christiansen did not file a response. On September 5, 2025, the Court granted Ms. Clark's motion to remand, finding that removal was untimely. Docket No. 22 at 1-2. Ms. Christiansen seeks relief pursuant to Fed. R. Civ. P. 60,[1] arguing that the Court erred in granting Ms.

---

[1] Ms. Christensen cites Fed. R. Civ. P. 60(a) in support of her motion. *See* Docket No. 23 at 12. However, she cannot seek relief pursuant to Rule 60(a). "Rule 60(a) may not be used to change something that was deliberately done . . . even though it was later discovered to be wrong." *McNickle v. Bankers Life & Cas. Co.*, 888 F.2d 678, 682 (10th Cir. 1989) (citing *Security Mut. Casualty Co. v. Century Casualty Co.*, 621 F.2d 1062, 1065 (10th Cir. 1980)). "[T]he relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties and is therefore

Clark's notice of removal because the Court did not consider Ms. Christiansen's affidavit
attached to her Notice of Removal, wherein she states that she did not receive proper
service of process on March 31, 2025.  *See* Docket No. 23 at 4.

Ms. Christiansen argues that the Court has jurisdiction to reconsider its order
granting Ms. Clark's motion to remand because a certified copy of the Court's remand
order had not yet been mailed to the state court at the time that Ms. Christiansen filed
the instant motion.  *See id.* at 4-6.  Title 28 U.S.C. § 1447, which governs the
procedures after a case is removed, states in relevant part:

> An order remanding a case to the State court from which it was removed is not
> reviewable on appeal or otherwise, except that an order remanding a case to the
> State court from which it was removed pursuant to section 1442 or 1443 of this
> title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d).[2]  Section 1447(d) bars a court from reviewing its remand orders
and providing relief pursuant to Fed. R. Civ. P. 60(b).  *See Allen v. Allstate Ins. Co.*,
2010 WL 519855, at *1-2 (D.N.M. Jan. 8, 2010); *Maggio Enters., Inc. v. Hartford Cas.
Ins. Co.*, 132 F. Supp. 2d 930, 931 (D. Colo. 2001) ("Because a remand order deprives
the district court of jurisdiction, the district court may not vacate or reconsider its order of
remand.") (citing *Dalrymple v. Grand River Dam Auth.*, 145 F.3d 1180, 1184 (10th Cir.
1998)); *Schoen v. Presbyterian Health Plan, Inc.*, 2009 WL 2450277, at *3 (D.N.M. July
29, 2009) (finding that granting a motion to remand "removes jurisdiction from the

---

beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational
mistake, which is correctable under the Rule."  *Matter of W. Texas Mktg. Corp.*, 12 F.3d
497, 504 (5th Cir. 1994).  Ms. Christiansen does not identify any clerical errors or other
mistake by the Court.  To the contrary, Ms. Christiansen argues that the Court
"meaningfully erred" in granting plaintiff's motion to remand.  Docket No. 23 at 1.

[2] Ms. Christiansen makes no suggestion that this case was removed pursuant to
§§ 1442 or 1443.

federal court and returns it to the state court, and the federal proceedings on the remanded issue come to a permanent halt"); *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 510 (E.D. Va. 1992) ("Unquestionably, [§ 1447(d)] not only forecloses appellate review, *but also bars reconsideration of such an order by the district court.*"); *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1007 (4th Cir. 2014) (section 1447(d) "generally precludes review of a remand order if the remand is for lack of subject-matter jurisdiction or for defects in the removal procedure"). While some courts have "held that a federal court may reconsider an order of remand until the order of remand has been entered and a certified copy mailed to the clerk of the state court," *Theis v. El Fenix Corp.*, 748 F. Supp. 810, 811 (W.D. Okla. 1990) (citing *Cook v. J.C. Penney,* 558 F. Supp. 78 (N.D. Iowa 1983)), this view would not help Ms. Christiansen. A certified copy has been mailed to the Routt District Court. *See* Docket No. 24.

Even if the Court did have jurisdiction to reconsider the remand order or to offer relief from judgment pursuant to Fed. R. Civ. P. 60(b), the Court would deny Ms. Christiansen's motion. Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *The Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) (citation omitted).[3] A Rule 60(b) motion is generally an

---

[3] Courts generally apply the same analysis to motions for reconsideration of interlocutory orders and Rule 60(b) motions. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-*6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law").

inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Id.* at 1012.  Parties seeking relief under Rule 60(b) have a higher hurdle to overcome because such a motion is not a substitute for an appeal.  *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005).

Ms. Christiansen, who is represented by counsel, chose not to respond[4] to Ms. Clark's motion to remand, which was filed on June 27, 2025.  Rule 60(b) is not a mechanism by which a party, who failed to oppose a motion, can raise arguments that could have been raised in responsive briefing.  *See Servants of the Paraclete*, 204 F.3d at 1009.

Even if the Court did have jurisdiction to reconsider or grant relief from its remand order, and if the Court were to consider Ms. Christiansen's affidavit, the Court would still find that removal was untimely.  "A signed return of service constitutes *prima facie* evidence of valid service 'which can be overcome only by strong and convincing evidence.'"  *Dittimus v. Bond*, No. 12-cv-03010-MSK-KMT, 2013 WL 4496432, at *2 (D. Colo. Aug. 22, 2013) (citation omitted).

Ms. Clark provided an executed summons in which Andrew Kopp, Sheriff of Uinta County, Wyoming, certified that the complaint and summons was served on Ms. Christiansen on March 31, 2025 in the Uinta County Jail.  *See* Docket No. 15-4 at 1. The executed summons is signed by an Authorized Representative and Notary Public. *See id.*  Ms. Christiansen attempts to rebut this evidence with her affidavit.  In her

---

[4] Ms. Christiansen states it is "unclear whether the Court granted remand based on the *procedural posture* that Ms. Christiansen did 'not file a response to the motion' to remand."  Docket No. 23 at 1 (citing Docket No. 22 at 1).  The Court did not grant Ms. Clark's motion to remand on the basis that Ms. Christiansen did not file a response, but was rather based on the fact that removal was untimely.  *See* Docket No. 22 at 2-3.

affidavit, Ms. Christiansen states she "learned for the first time, that [the state action] was filed on May 7, 2025." Docket No. 1-6 at 1, ¶ 3. Ms. Christiansen states that she "reviewed the Return of Service in this action, which indicates that service of process was made on March 31, 2025," but that the "Return of Service is in error." *Id.*, ¶¶ 4-5. Ms. Christinsen states that "[t]o date, [she has] not been served with process of the Complaint and Summons in this action." *Id.*, ¶ 6.

The Court finds that Ms. Christiansen's affidavit is not strong and convincing evidence that shows service was improper in light of the executed summons. Ms. Christiansen's conclusory allegation that she was not served, without explanation as to why she believes the summons was executed in error or how she received notice of the lawsuit, is insufficient to defeat the presumption of proper service. *See Republic Bank v. Mejia,* No. 2014 WL 3671880, at *2 (D. Utah July 23, 2014) (holding that defendant's "vague and unsupported affidavit" stating that she did not receive service is a "bare allegation" that cannot "contradict the process server's signed return of service"); *Am. Honda Motor Co., Inc. v. AZGrafix*, 2008 WL 5329062, at *1 (D. Ariz. Dec. 19, 2008) (a defendant "cannot overcome this presumption of service by merely denying that he was served"); *Trs. of Loc. Union No. 727 Pension Fund v. Perfect Parking, Inc.*, 126 F.R.D. 48, 52 (N.D. Ill. 1989) ("Affidavits submitted by defendants which merely deny service are not sufficient" and "falls short of the strong and convincing standard") (internal quotations omitted); *Salazar v. Hoefel*, 2005 WL 8156295, at *3 (C.D. Cal. May 4, 2005) ("An affidavit that service was not received is not sufficient" and "the defendant must set forth circumstances in their affidavits which would call into question the issue of

service.").[5]

Accordingly, the Court will deny Ms. Christiansen's motion to reconsider for lack of jurisdiction.

Therefore, it is

**ORDERED** that defendant Kassidy Christiansen's Motion to Reconsider Remand [Docket No. 23] is **DENIED**.

DATED September 11, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[5] Ms. Christiansen argues that the Court's finding that Ms. Christiansen was served on March 31, 2025 could "prejudice" her "pending motions to quash service of process, to set aside default, and to enlarge time to respond to the Complaint" in the state court. *See* Docket No. 23 at 10 (internal citations omitted). The Court sees no basis for this argument. As Ms. Christiansen notes, the pending motions in the state court were not before the Court and the Court made no ruling in regard to such motions. *See* Docket No. 23 at 10. Furthermore, even if the Court's remand order allegedly prejudices Ms. Christiansen in the state court, Ms. Christiansen does not explain why this warrants granting Ms. Christiansen relief pursuant to Fed R. Civ. P. 60(b).